UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01125-JRS-TAB |
| | ) | |
| L. BURROWS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION
FOR SUMMARY JUDGMENT, DISMISSING ACTION WITH
PREJUDICE, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff David Davenport is a former prisoner of the Indiana Department of Correction (IDOC). This civil rights action is based on Mr. Davenport's allegations that the staff at Putnamville Correctional Facility (PCF) deprived him of adequate time in the law library and harmed his efforts to litigate cases in state and federal courts.

The action is before the Court on the defendants' unopposed motion for summary judgment. For the reasons discussed below, the motion is **granted**, and the action is **dismissed with prejudice**.

## I. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609–10 (7th

Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. *See Barbera v. Pearson Educ., Inc.*, 906 F.3d 621, 628 (7th Cir. 2018).

When a party moving for summary judgment asserts facts and supports them with admissible evidence, the Court treats those facts as admitted without controversy unless the non-movant specifically controverts them with admissible evidence, shows the movant's assertions are not supported by admissible evidence, or demonstrates that the factual record leaves a material factual dispute. S.D. Ind. L.R. 56-1(f)(1). When a motion for summary judgment is unopposed, the Court still views the evidence in the light most favorable to the non-movant. However, by failing to oppose the movant's evidence or assert evidence of his own, the non-movant "[r]educe[s] the pool" from which facts and inferences may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

Mr. Davenport alleges in his complaint that he was "on deadline" at PCF in March 2016. Dkt. 1 at ¶ 5. This meant he was able to visit the law library for more time each week than prisoners who were not on deadline. A hearing was scheduled for May 20, 2016, in Mr. Davenport's state-court postconviction relief (PCR) case. Dkt. 1-1 at 6. Mr. Davenport also had recently been denied rehearing by the Seventh Circuit in a civil case, and he planned to petition the Supreme Court for a writ of certiorari. *Id.* at 25.

On March 28, Law Library Supervisor L. Burrows wrote Mr. Davenport a memorandum stating that his "deadline" was set to expire on March 30. *Id.* at 11. The memorandum stated:

> The next time you are scheduled for the Law Library you will need to bring in a new C.C.S. (chronological case summary) documentation validating your deadline time or validating a new deadline, or you will be REMOVED from the list. Court order deadlines documents must be stamped with the "court file copy" stamp and

> be signed by the judge, or a court copy of your C.C.S. (chronological case summary). Typed judges names will not be accepted.

*Id.* Mr. Davenport quickly obtained a continuance of his PCR hearing until August 19, 2016. *Id.* at 7. He also obtained an extension of the deadline to file his cert petition. *Id.* at 26–29.

Throughout April and May, Mr. Davenport submitted grievances objecting to his removal from the deadline list. *Id.* at 12–19. These grievances were denied.  *Id.* According to the prison staff's responses, the IDOC changed its policy such that an inmate could only be placed on the deadline list if he had a court-ordered deadline to file a written document, such as a response to a motion. *See id.* at 14. The prison staff did not accept Mr. Davenport's upcoming hearing or the deadline to file his cert petition as deadlines for purposes of the policy.

On July 25, 2016, Mr. Davenport withdrew his PCR petition. *Id.* at 9–10. The following day, his second request for an extension to file his cert petition was denied. *Id.* at 34. He later filed a petition, but it was rejected as out-of-time. *Id.* at 35.

### III. Analysis

In his complaint, Mr. Davenport asserts claims under the Fifth, Eighth, and Fourteenth Amendments. None of these provisions offers a viable path to relief for Mr. Davenport.

The Fifth Amendment offers protections against actions by *federal* government agents. *E.g.*, *Dusenberry v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"). Mr. Davenport's complaint asserts allegations against *state* actors and therefore does not implicate the Fifth Amendment.

The Eighth Amendment concerns the conditions under which prisoners are confined. It prohibits prison officials from "us[ing] excessive physical force against prisoners" and requires

them to "provide humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Mr. Davenport's complaint does not implicate the Eighth Amendment.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "The types of interests that constitute 'liberty' and 'property' for Fourteenth Amendment purposes are not unlimited; the interest must rise to more than an 'abstract need or desire,' . . . and must be based on more than 'unilateral hope.'" *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981)). The complaint does not articulate any theory of how Mr. Davenport's limited law library access deprived him of life, liberty, or property, and he failed to present such a theory in response to the defendants' summary judgment motion. Any Fourteenth Amendment claim "is woefully undeveloped and thus is waived." *Green v. Junious*, 937 F.3d 1009, 1015 (7th Cir. 2019).

Mr. Davenport's complaint most closely implicates his First Amendment right to access the courts. Inmates do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "[p]risoners have a fundamental right of access to the courts that prisons must *facilitate* by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)) (emphasis added). "[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

To state a plausible access-to-courts claim, the plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy*,

674 F.3d at 661. "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). The right to access the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

To prevail, then, a prisoner must "submit evidence that he suffered actual injury . . . and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted). "Speculative prejudice is not enough for an 'actual injury.'" *Hertel v. Miller-Lewis*, 695 F. App'x 957, 961 (7th Cir. 2017) (citing *Rossi v. City of Chi.*, 790 F.3d 729, 736 (7th Cir. 2015)).

Faced with this requirement, no evidence would allow a reasonable jury to return a verdict in Mr. Davenport's favor. Mr. Davenport alleges that his removal from the deadline list prejudiced him in two pending actions, but no evidence supports either argument. Mr. Davenport voluntarily withdrew his state PCR petition. He failed to file a timely cert petition even after obtaining an extension. Mr. Davenport has not explained—and no evidence in the record indicates—how his removal from the deadline list compelled either decision. And even if he could show such a connection, Mr. Davenport has not provided any information about his PCR petition, his civil case, or the cert petition he wished to file. As a result, the Court cannot conclude that either action was nonfrivolous. *In re Maxy*, 674 F.3d at 661.

There is no material dispute of fact. Mr. Davenport's claims fail as a matter of law, and the defendants are entitled to summary judgment.

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [65], is **granted**. The action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment** consistent with this Order.

**IT IS SO ORDERED.**

Date:  2/1/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID DAVENPORT
3507 Hillside Ave
Indianapolis, IN 46218

Bryan Findley
INDIANA ATTORNEY GENERAL
bfindley@cassiday.com

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov